The Honorable Richard L. Lawrence Maumelle City Attorney 124 W. Capitol, Suite 1650 Little Rock, Arkansas 72201
Dear Mr. Lawrence:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(1), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the City of Maumelle that have been requested by the Maumelle Monitor.
You indicate that you have been the city attorney for the City of Maumelle since 1992. Your position is an appointed one, and you serve at the pleasure of the city's board of directors. It is my understanding that the board has created records of its evaluations of your performance as city attorney. You state that the board considered your current evaluation in an executive session held on July 20, 1998, which you did not attend. When the board reconvened in its regular meeting, the mayor announced that he would meet with you later for the purpose of discussing the evaluation. You met with the mayor on July 27 for that purpose, and after some discussion, decided to tender your resignation on that day, to be effective September 30, 1998.
The Maumelle Monitor has now requested access to your evaluation records. As custodian of the records, you have determined that they are exempt from disclosure under A.C.A. § 25-19-105(c)(1), and have declined to release them. You have asked whether this decision is consistent with the FOIA.
It is my opinion that your decision not to release these evaluation records is consistent with the FOIA.
Under A.C.A. § 25-19-105(c)(1) of the FOIA, "employee evaluation and job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
The obvious prerequisite to the foregoing conditions is that a termination or suspension must occur. Under the facts as you have presented them, neither has occurred in your situation. Because you voluntarily decided to resign from your position as city attorney, there was no suspension or termination. I have previously opined that a voluntary resignation — even when it is tendered for the purpose of resolving a termination grievance — does not constitute a termination for purposes of A.C.A. § 25-19-105(c)(1). See Op. Att'y Gen. No. 97-063. Therefore, the primary condition for the release of your evaluation records has not been met.
Accordingly, I must conclude that your decision not to release the evaluation records is consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh